UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1-12730 MLW

MAGISTRATE JUDGE M B B

LINWOOD S. HARRIS,
    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY AND
SEARS, ROBUCK AND CO.
LONG TERM DISABILITY PLAN,
    Defendants.

## COMPLAINT

### Parties

1. Plaintiff, Linwood Harris ("Mr. Harris") an individual having a usual place of residence at Brockton, Plymouth County, Massachusetts.

2. Defendant is Metropolitan Life Insurance Company ("MetLife") an insurance subsidiary of Metropolitan Life, Inc., One Madison Avenue, New York, New York, doing business in the Commonwealth of Massachusetts, and the insurer of the Sears Roebuck and Co. Long Term Disability Plan has designated CT Corporations System, 101 Federal Street, Boston, MA 02110 as an agent for service of process.

3. Defendant, Sears Roebuck and Co. Long Term Disability Plan ("Plan") of which the plan administrator is Sears, Roebuck and Co. 3333 Beverly Road, Hoffman Estates, Illinois.

4. Defendant, Sears Roebuck and Co. ("Sears") is a New York corporation having a usual place of business at numerous locations in Massachusetts Sears has

designated CT Corporations System, 101 Federal Street, Boston, MA 02110 as an agent for service of process.

### Jurisdiction and Venue

5. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

### Facts Common to All Counts

6. At all times material hereto, Mr. Harris has been employed as a full time employee of Sears, Roebuck & Co.

7. At all times relevant hereto, Mr. Harris was a beneficiary under the Sears Long Term Disability Plan.

8. The Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

9. "MetLife" insures the Plan and is jointly liable for payment of benefits under the Plan.

10. Mr. Harris is a "participant" in the Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

11. "Sears" is the Plan sponsor and plan administrator within the meaning of ERISA, 29 U.S.C. § 1002(16)(B), and a fiduciary with respect to the Plan within the meaning of ERISA 29 U.S.C. § 1002(21)(A).

12. "Mr. Harris" was employed as a sales associate by Sears within the Commonwealth of Massachusetts.

13. On or about February 25, 2001 Mr. Harris was involved in a substantial motor vehicle accident and sustained injuries to the following locations: fractured pelvis; fractured leg; fractured hip; in addition "Mr. Harris" was hospitalized for over six months, underwent several surgeries to repair his pelvis, leg and hip.

14. As a result of the injuries suffered in the car accident of February 25, 2001, he has not been able to resume his prior occupation, as a sales associate, and can not work in any occupation as defined under the plan and MetLife Insurance Policy.

15. Mr. Harris remains under the care of Dr. Miller and has continued to receive social security disability payments for his total disability.

16. At all times material hereto, and since at least February 25, 2001, Mr. Harris has been "totally disabled" within the meaning of the terms of the Plan, and has been entitled under the Plan to be paid both short-term disability and long-term disability benefits, and continues to be "totally disabled" to date.

17. "MetLife paid Mr. Harris his short-term disability from February 25, 2001 up until July 18, 2001.

18. "MetLife paid Mr. Harris his long-term disability from July 16, 2001 up until December 31, 2001,whereupon they wrongfully denied any further benefits under the plan.

19. On or about November 6, 2001 Donna Nitihala, R.N., Nurse Consultant, working for Metropolitan sent a fax to Dr. Barry Miller, M.D. to obtain Linwood Harris's medical records showing total disability.

20. Donna Nitihala, R.N.'s fax contained no return address to send the medical records of Mr. Harris to nor did that fax identify how payment would be made for the collection and copying of Mr. Harris's medical records.

21. On or about November 28, 2001 MetLife Disability Case Management Specialist, Karen Bryson sent a letter to Mr. Harris stating "we faxed a request for an attending physician statement and copies of your medical records on November 6, 2001. To date, we have received no response. Please have your doctor fully complete the enclosed attending physician's statement and return with copies of your medical records from February 1, 2001 to current. . . . If we do not receive the above-requested medical information on or by December 28, 2001 we will have no option but to close your claim and deny benefits beyond December 31, 2001 for failure to provide proof of disability and/or requested information."

22. On or about the first week of December, 2001 "Mr. Harris left a message with Dr. Miller's office requesting that the requested medical documents be forwarded to "MetLife". "Mr. Harris had previously provided the appropriate authorizations for the release of this information.

23. On or about August 30, 2001 MetLife, Paul Depree, Social Security Specialist sent a letter to Linwood Harris directing" Mr. Harris to apply for Social Security disability benefits as required under his plan. "Mr. Harris" so applied.

24. On or about December 24, 2001 MetLife received a certificate showing that Linwood Harris was "totally disabled" as of at least August 1, 2001 and that his claim was approved for $1,496.00 a month effective August 1, 2001.

25. Social Security disability does not make any payments for benefits for partial disability or for short-term disability. The law defines disability "as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

26. MetLife received the benefit of "off-set" of the amount that the social Security Administration pays to "Mr. Harris which is credited against the base benefit paid by the Plan and MetLife, thereby reducing the obligation of MetLife by the amount of the payment Mr. Harris receives from the United States Social Security Administration each month.

27. Prior to the "off-set" Mr. Harris's benefits paid under the Plan was two thousand three hundred and fifty ($2,350.00) dollars a month.

28. On or about December 31, 2001 MetLife, for unlawful reasons, terminated benefit payments to Mr. Harris.

29. On January 3, 2002 MetLife closed Linwood Harris's long-term disability claim file, for failure to provide proof of disability and/or requested information.

30. Sometime after November 26, 2001 Metropolitan sent a check for fifty dollars to Dr. Miller's office to cover the fees for copying Mr. Linwood Harris's medical records in addition they also provided an address to mail the records to.

31. On or about January 10, 2002 Dr. Miller's office mailed "Mr. Harris's records to "MetLife"

32. On or about January 15, 2002 MetLife received Mr. Harris's medical records and other documents requested by MetLife. However, no action was taken on Mr. Harris's file. It remained closed.

33. Mr. Harris filed an appeal of his benefits denial.

34. By letter dated August 23, 2004 MetLife wrote to Mr. Harris stating that his appeal would not be considered and that "no further review or appeal of the denial will be considered."

35. Mr. Harris has exhausted his administrative remedies under the Plan, insurance policy and ERISA.

36. To the extent that MetLife had been granted discretionary authority under the Plan, both the Plan and MetLife abused that discretion, for many reasons, including its failure to: consider the certificate of disability provided by the United States Social Security Administration; document the received medical records of Mr. Harris; provide a return address on their request to Dr. Miller; to provide payment for the requested records; and to advise Dr. Miller that the documents needed to be received by December 28, 2001 or Mr. Harris's benefits would be terminated.

## Count I

## Benefits due from MetLife and the

## Plan under ERISA, 29 U.S C. § 1132

37. Mr. Harris realleges paragraphs 1 through 36 and incorporates the same by reference as if fully set forth herein again.

38. As the de facto plan administrator and benefit payor, MetLife is operating under a conflict of interest, and to the extent that MetLife contends that its decision to

terminate benefits under the discretionary standard of review, the contention must be denied, and MetLife's decision must be reviewed under a de novo standard of review.

39. To the extent that MetLife had been granted discretionary authority under the Plan, both MetLife and the Plan abused that discretion, for reasons including its failure to: consider the certificate of disability provided by the United States Social Security Administration; document the received medical records of Mr. Harris; provide a return address on their request to Dr. Miller; to provide payment for the requested records; and to advise Dr. Miller that the documents needed to be received by December 28, 2001 or Mr. Harris's benefits would be terminated and further it engaged in an inherently unfair claim process, by not providing the necessary items to complete a task, i.e. check; return address the due date and holding their shortcomings against Mr. Harris.

40. MetLife's decision to terminate Mr. Harris's benefits under the Plan were wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

41. Ms. Harris fulfilled all of the requirements for obtaining benefits under the Plan and the insurance policy of MetLife.

42. As a result of MetLife's and the Plan's refusal and failure to pay to Mr. Harris disability benefits provided to him and to those participants who are totally disabled, Mr. Harris is entitled to relief against MetLife and the Plan to recover benefits due to him under the term of the Plan and insurance policy, to enforce his rights to benefits under the Plan and to clarify his rights to future benefits under the Plan and insurance policy, pursuant to 29 U.S.C. § 1132 (a)(1)(B), (2) and (3).

## Count II

### Breach of Contract Against MetLife

43. Mr. Harris realleges paragraphs 1 through 36 and incorporates the same by reference as if fully set forth herein again.

44. Mr. Harris is a direct, or intended third party beneficiary of an insurance contract between Sears Roebuck and Co. and MetLife.

MetLife breached that insurance contract, and caused Mr. Harris to suffer damages.

WHEREFORE, plaintiff Linwood Harris demands relief and judgment, jointly and severally, against the defendants as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendants regarding the termination of benefits.

4. For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

LINWOOD HARRIS
By his attorney,

_____
Robert D. Canty, Jr. (BBO #560406)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
978-440-7000
978-440-7650 fax
www.feelaw.com

12 30 04

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Linwood Harris

**DEFENDANTS** Metropolitan Life Ins. Co., Sears Roebuck and Co. Long Term Disability Plan and Sears Roebuck Co.

(b) County of Residence of First Listed Plaintiff: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk County, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. Section 1132  This suit arises from the wrongful denial of benefits available to the plaintiff through a long-term disability plan.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12.30.04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____