UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

_____
                                      )
LINWOOD S. HARRIS,                    )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )
METROPOLITAN LIFE INSURANCE           )
COMPANY AND SEARS, ROEBUCK            )
AND CO. LONG TERM DISABILITY          )
PLAN,                                 )
    Defendants.                       )
_____)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Metropolitan Life Insurance Company ("MetLife"); Sears, Roebuck & Co. Long Term Disability Plan (the "Plan"); and Sears, Roebuck & Co. ("Sears") (omitted from the caption of the Complaint) hereby answer the numbered paragraphs of the Complaint as follows.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that MetLife is an insurer and conducts business in the Commonwealth of Massachusetts. Defendants further admit that MetLife insures the Plan and is wholly owned by MetLife, Inc. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Sears is the plan administrator of the Plan. Defendants further admit that the plan administrator is located at 3333 Beverly Road, Hoffman Estates, Illinois.

4. Defendants admit that Sears is a New York corporation doing business in the Commonwealth of Massachusetts. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. This is a legal allegation to which no response is required. To the extent that a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that Mr. Harris was employed as a full time employee of Sears. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Mr. Harris was a beneficiary under the Sears, Roebuck & Co. Long Term Disability Plan. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. This is a legal allegation to which no response is required. To the extent a response is required, defendants admit that the plan is an "employee welfare benefit plan" and deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that MetLife insures the Plan. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. This is a legal allegation to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. This is a legal allegation to which no response is required. To the extent a response is required, defendants admit that Sears is the plan sponsor and plan administrator of the plan and deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Admitted.

13. Defendants admit that Mr. Harris was involved in a motor vehicle accident on or about February 25, 2001. Defendants further admit that Mr. Harris sustained injuries to his pelvis, leg, and hip as a result of this accident, and underwent multiple surgeries. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Harris has not been able to resume his prior occupation as a sales associate because of the car accident on February 25, 2001. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denied.

17. Defendants admit that MetLife approved Mr. Harris' short-term disability benefits through July 18, 2001. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that MetLife paid Mr. Harris long-term disability benefits from July 16, 2001 through December 31, 2001. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that MetLife sent a fax to Dr. Barry Miller, M.D. on or about November 6, 2001. The facsimile speaks for itself. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Denied. Further responding, MetLife's facsimile from November 6, 2001 speaks for itself.

21. Defendants admit that on or about November 28, 2001, Karen Bryson of MetLife sent a letter to Mr. Harris. The November 28, 2001 letter speaks for itself. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that on or about August 30, 2001, Paul DePree of MetLife sent a letter to Linwood Harris. The August 30, 2001 letter speaks for itself. Defendants also admit that Mr. Harris applied for Social Security disability benefits. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that MetLife received a Social Security Disability Award Certificate for Linwood Harris. The Social Security Disability Award Certificate speaks for itself. MetLife denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. These are legal allegations to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Denied.

27. Defendants admit that MetLife paid Mr. Harris a monthly benefit of two thousand three hundred and fifty ($2,350) dollars under the Plan. Defendants deny any and all remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that MetLife terminated Mr. Harris' long-term disability benefits effective December 31, 2001. Defendants deny each and every remaining allegation contained in Paragraph 28 of the Complaint.

29.     Defendants admit that as of January 3, 2002 Linwood Harris failed to provide sufficient proof of disability and/or requested information.  Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Denied.  Further responding, defendants state that MetLife provided Dr. Miller's office with a return fax number and a toll free telephone number.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint

32.     Defendants admit that MetLife received medical and/or other records for Mr. Harris on or about January 15, 2002.  Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33.     Admitted.  Further responding, defendants state that MetLife received Mr. Harris' appeal letter on August 19, 2004.

34.     Defendants admit that MetLife wrote a letter to Mr. Harris on August 23, 2004.  The August 23, 2004 letter speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 34 of the Complaint.

35.     This is a legal allegation to which no response is required.  To the extent a response is required, defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Denied.

## COUNT I

37.     In response to Paragraph 37 of the Complaint, defendants repeat and incorporate herein their responses to the Paragraphs referred to therein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT II

43. In response to the allegations contained in Paragraph 43 of the Complaint, the defendants repeat and incorporate herein their responses to the Paragraphs referenced therein.

44. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks benefits pursuant to an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to set offs under the terms of the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent (and without admitted that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility of future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The determinations by MetLife regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

All determinations made by MetLife with respect to plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the planned documents.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred because the plaintiff failed to fulfill his obligations under the Plan.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred because the plaintiff failed to submit a timely appeal to MetLife.

7

WHEREFORE, defendants respectfully request that the Court dismiss the Complaint, with prejudice, and award defendants their attorneys' fees and costs.

>METROPOLITAN LIFE INSURANCE COMPANY; SEARS, ROEBUCK & CO. LONG TERM DISABILITY PLAN; AND SEARS, ROEBUCK & CO.,
>
>By their attorneys,
>
>/s/ Johanna L. Matloff
>_____
>James F. Kavanaugh, Jr. (BBO # 262360)
>Johanna L. Matloff (BBO # 655178)
>CONN KAVANAUGH ROSENTHAL PEISCH
>  & FORD, LLP
>Ten Post Office Square
>Boston, MA 02109
>617-482-8200

Dated: March 25, 2005

222559.1

8