UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

_____
                                )
LINWOOD S. HARRIS,              )
        Plaintiff,              )
                                )
v.                              )
                                )
METROPOLITAN LIFE INSURANCE     )
COMPANY AND SEARS, ROEBUCK      )
AND CO. LONG TERM DISABILITY    )
PLAN,                           )
        Defendants.             )
_____)

## **DEFENDANTS' MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed.R.Civ.P. 15(a), defendants Metropolitan Life Insurance Company, Sears Roebuck and Co. Long Term Disability Plan (the "Plan"), and Sears Roebuck and Co. (hereinafter collectively referred to as "Defendants") hereby move to amend their answer to plaintiff's complaint. Defendants seek to amend their answer to add an affirmative defense to plaintiff's claims that they wrongfully terminated his long-term disability benefits under the Plan. Specifically, Defendants seek to add a defense that the complaint is barred, in whole, or in part, based on an exclusion of coverage in the Plan for disabilities caused by a claimant's commission of a felony (the "Felony Exclusion"). The amendment should be allowed because the case is still in its infancy, and the timing of the motion does not prejudice Harris or interfere with any deadlines set by the Court. In addition, the amendment has been asserted in good faith, without dilatory motive, and it is not futile. As further grounds for this motion, Defendants state the following.

1.     This case involves a claim for long term disability benefits brought by Linwood Harris ("Harris") and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461.  Harris was employed as a sales associate at Sears and was a beneficiary under the Plan.  The Plan is sponsored by Sears and insured by MetLife.  Harris claims that on or about February 25, 2001, he was involved in a vehicle accident and sustained multiple injuries.  (Complaint at ¶ 13.)  He claims that he sought treatment from Dr. Barry Miller for his injuries, and that as a result of these injuries, he was unable to return to work.  (Id. at ¶¶ 14-15.)

2.     MetLife, as the claims administrator for the Plan, initially approved Harris' claim for long-term disability benefits effective July 16, 2001, and then terminated benefits effective December 31, 2001.

3.     On January 15, 2002, MetLife received a copy of a letter dated December 21, 2001 from Harris' physician, Dr. Barry Miller, to Prison Medical Services.  A true and accurate copy of the December 21, 2001 letter with MetLife's date stamp in the upper margin is attached at Tab A.  The letter states that Harris was "involved in a motor vehicle accident on February 25, 2001, this latter resulting in his imprisonment for vehicular homicide."  Id.

4.     Upon information and belief, Harris does not dispute that he was incarcerated for vehicular homicide as a result of the car accident on February 25, 2001.

5.     On December 30, 2004, Harris filed suit against the Defendants, claiming that MetLife, as the claims administrator for the Plan, wrongfully terminated his long-term disability benefits effective December 30, 2001.

6.     On March 25, 2005, Defendants answered the Complaint and raised several affirmative defenses, including a defense that Harris' claim is limited by the requirements,

exclusions, or limitations under the Plan.  See Defendants' Answer, Fourth Affirmative Defense.  Because MetLife terminated Harris' claim for long-term disability benefits before receiving a copy of Dr. Miller's letter, and because the facts and circumstances surrounding Harris' apparent conviction and incarceration are not fully developed in MetLife's claim file, Defendants did not assert an affirmative defense based on the Felony Exclusion at that time.

7.      The amended answer seeks to add a Tenth Affirmative Defense based on the Felony Exclusion.   The Felony Exclusion provides:  "This Plan does not cover any Disability which results from or is caused by . . . 4) committing a felony."  A true and accurate copy of the Felony Exclusion is attached at  Tab B.

8.      Under the circumstances of this case, Defendants must obtain this Court's leave to amend their answer, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  It is an abuse of discretion to deny a motion to amend without sufficient grounds: "Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it."  Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996) (citation omitted).

9.      There are no grounds for denying Defendant's motion to amend, the sole purpose of which is to clarify the Defendants' defense based on the Felony Exclusion in the Plan.  First, Harris will not suffer any unfair prejudice as a result of this amendment.  Although time has passed since the filing of Defendants' answer and the filing of this motion, the case is still in its infancy, and a scheduling order pursuant to Fed.R.Civ.P. 16  has yet to be (or has just recently been) issued.  In addition, the case has been inactive since the Defendants filed their answer and no discovery has taken place.  Thus, Harris has ample opportunity to take whatever actions he may deem necessary to avoid the application of the Felony Exclusion defense.  Furthermore,

Defendants are informed that Harris already has a copy of the relevant Plan language, including the Felony Exclusion, and are providing another copy of the certificate of insurance setting forth the terms, conditions, and exclusions in the Plan to Harris with this motion.

10. Second, there is no undue delay. While undue delay may be considered by the Court in ruling on the motion, a district court may not deny a motion to amend solely because of delay, and without consideration of the prejudice to the opposing party. Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir. 1979); Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 116-17 (D. Mass. 2001); Martin v. Sands, 62 F. Supp. 2d 196, 198 (D. Mass. 1999) ("Even if Defendants' explanation for the delay is inadequate, their motion [to amend] should not necessarily be denied."). In the absence of any unfair prejudice to Harris, the timing of Defendants' motion to amend should not preclude the amendment to their answer. Defendants have promptly moved to amend their answer upon recognizing the potential application of the Felony Exclusion as a complete bar to Harris' claim.

11. Third, there is no evidence of bad faith or dilatory motive. Defendants seek to amend their answer to clarify and add an affirmative defense based on a contract exclusion in the Plan, and not for any dilatory purpose.

12. Finally, the amendment is not futile because the Felony Exclusion provides Defendants with a potential affirmative defense and bars coverage for claims arising from disabilities that are caused by the commission of a felony. If the Felony Exclusion applies to Harris' claim, as Defendants contend that it does, it will dispose of this lawsuit.

WHEREFORE, Defendants respectfully request that they be permitted to file an amended answer to the complaint in the form attached hereto as Exhibit C.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that I have conferred with counsel for Mr. Harris and have attempted in good faith to resolve or narrow the issue presented by this motion. Counsel for Mr. Harris has advised that Mr. Harris will not assent to this motion.

/s/ Johanna Matloff
_____
Johanna Matloff

METROPOLITAN LIFE INSURANCE
COMPANY; SEARS, ROEBUCK & CO. LONG
TERM DISABILITY PLAN; AND SEARS,
ROEBUCK & CO.,

By their attorneys,

/s/ Johanna L. Matloff
_____
James F. Kavanaugh, Jr. (BBO # 262360)
Johanna L. Matloff (BBO # 655178)
CONN KAVANAUGH ROSENTHAL PEISCH
 & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: May 4, 2006

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent (by hand) to those indicated as non registered participants on the 4th day of May, 2006.  /s/ Johanna Matloff

253045.1

# YOUR EMPLOYEE BENEFIT PLAN

# SEARS, ROEBUCK AND CO.

## Long Term Disability

**Limitation For Disabilities Due to Particular Conditions**

Monthly Benefits are limited to 12 months during your lifetime if you are Disabled due to a Mental or Nervous Disorder or Disease, unless the Disability results from:

1.  schizophrenia;

2.  bipolar disorder;

3.  dementia; or

4.  organic brain disease.

"Mental or Nervous Disorder or Disease" means a medical condition of sufficient severity to meet the diagnostic criteria established in the current Diagnostic And Statistical Manual Of Mental Disorders. You must be receiving Appropriate Care and Treatment for your condition by a mental health Doctor.

If you are Disabled due to a Mental or Nervous Disorder or Disease and are confined in a Hospital or Institution at the end of 12 months, Benefits will continue until the confinement ends.

In no event will Monthly Benefits be payable longer than the Maximum Benefit Duration shown in the Plan Highlights.

**Limitation For Alcohol, Drug or Substance Abuse or Dependency**

If you are Disabled due to alcohol, drug or substance abuse or dependency, Monthly Benefits are limited to one period of Disability during your lifetime. You must be participating in an available rehabilitative program recommended by a Doctor. An available rehabilitative program is a program such as, but not limited to, one available to you through either: (i) another group plan of your Employer (such as an Employee Assistance Program or Medical Plan); or (ii) services generally available to the public through local community services at no or minimal cost to you. In no event will Monthly Benefit payments be made beyond the earlier of:

1.  the date 12 Monthly Benefit payments have been made;

2.  the date you are no longer participating in the rehabilitative program;

3.  the date you refuse to participate in an available rehabilitative program; or

4.  the date you complete the rehabilitative program.

F.  **Exclusions**

This Plan does not cover any Disability which results from or is caused by:

1.  war, insurrection, or rebellion;

2.  active participation in a riot;

3.  intentionally self-inflicted injuries or attempted suicide; or

4.  committing a felony.

Form G.24303-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

```
_____
                                      )
LINWOOD S. HARRIS,                    )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )
METROPOLITAN LIFE INSURANCE           )
COMPANY AND SEARS, ROEBUCK            )
AND CO. LONG TERM DISABILITY          )
PLAN,                                 )
     Defendants.                      )
_____)
```

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Metropolitan Life Insurance Company ("MetLife"); Sears, Roebuck & Co. Long Term Disability Plan (the "Plan"); and Sears, Roebuck & Co. ("Sears") (omitted from the caption of the Complaint) hereby answer the numbered paragraphs of the Complaint as follows.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that MetLife is an insurer and conducts business in the Commonwealth of Massachusetts. Defendants further admit that MetLife insures the Plan and is wholly owned by MetLife, Inc. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Sears is the plan administrator of the Plan. Defendants further admit that the plan administrator is located at 3333 Beverly Road, Hoffman Estates, Illinois.

4. Defendants admit that Sears is a New York corporation doing business in the Commonwealth of Massachusetts. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. This is a legal allegation to which no response is required. To the extent that a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that Mr. Harris was employed as a full time employee of Sears. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Mr. Harris was a beneficiary under the Sears, Roebuck & Co. Long Term Disability Plan. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. This is a legal allegation to which no response is required. To the extent a response is required, defendants admit that the plan is an "employee welfare benefit plan" and deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that MetLife insures the Plan. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. This is a legal allegation to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. This is a legal allegation to which no response is required. To the extent a response is required, defendants admit that Sears is the plan sponsor and plan administrator of the plan and deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Admitted.

13. Defendants admit that Mr. Harris was involved in a motor vehicle accident on or about February 25, 2001. Defendants further admit that Mr. Harris sustained injuries to his pelvis, leg, and hip as a result of this accident, and underwent multiple surgeries. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Harris has not been able to resume his prior occupation as a sales associate because of the car accident on February 25, 2001. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denied.

17. Defendants admit that MetLife approved Mr. Harris' short-term disability benefits through July 18, 2001. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that MetLife paid Mr. Harris long-term disability benefits from July 16, 2001 through December 31, 2001. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that MetLife sent a fax to Dr. Barry Miller, M.D. on or about November 6, 2001. The facsimile speaks for itself. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Denied. Further responding, MetLife's facsimile from November 6, 2001 speaks for itself.

21.     Defendants admit that on or about November 28, 2001, Karen Bryson of MetLife sent a letter to Mr. Harris. The November 28, 2001 letter speaks for itself. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit that on or about August 30, 2001, Paul DePree of MetLife sent a letter to Linwood Harris. The August 30, 2001 letter speaks for itself. Defendants also admit that Mr. Harris applied for Social Security disability benefits. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that MetLife received a Social Security Disability Award Certificate for Linwood Harris. The Social Security Disability Award Certificate speaks for itself. MetLife denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     These are legal allegations to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Denied.

27.     Defendants admit that MetLife paid Mr. Harris a monthly benefit of two thousand three hundred and fifty ($2,350) dollars under the Plan. Defendants deny any and all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit that MetLife terminated Mr. Harris' long-term disability benefits effective December 31, 2001. Defendants deny each and every remaining allegation contained in Paragraph 28 of the Complaint.

29. Defendants admit that as of January 3, 2002 Linwood Harris failed to provide sufficient proof of disability and/or requested information. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Denied. Further responding, defendants state that MetLife provided Dr. Miller's office with a return fax number and a toll free telephone number.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint

32. Defendants admit that MetLife received medical and/or other records for Mr. Harris on or about January 15, 2002. Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33. Admitted. Further responding, defendants state that MetLife received Mr. Harris' appeal letter on August 19, 2004.

34. Defendants admit that MetLife wrote a letter to Mr. Harris on August 23, 2004. The August 23, 2004 letter speaks for itself. Defendants deny any remaining allegations contained in Paragraph 34 of the Complaint.

35. This is a legal allegation to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Denied.

## COUNT I

37. In response to Paragraph 37 of the Complaint, defendants repeat and incorporate herein their responses to the Paragraphs referred to therein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT II

43. In response to the allegations contained in Paragraph 43 of the Complaint, the defendants repeat and incorporate herein their responses to the Paragraphs referenced therein.

44. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks benefits pursuant to an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to set offs under the terms of the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent (and without admitted that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility of future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The determinations by MetLife regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

All determinations made by MetLife with respect to plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the planned documents.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred because the plaintiff failed to fulfill his obligations under the Plan.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, in whole, or in part, is barred because the plaintiff failed to submit a timely appeal to MetLife.

7

## TENTH AFFIRMATIVE DEFENSE

The Complaint, in whole, or in part, is barred pursuant to exclusions in the Plan, including an exclusion of coverage for any disability caused by committing a felony.

WHEREFORE, defendants respectfully request that the Court dismiss the Complaint, with prejudice, and award defendants their attorneys' fees and costs.

        METROPOLITAN LIFE INSURANCE COMPANY; SEARS, ROEBUCK & CO. LONG TERM DISABILITY PLAN; AND SEARS, ROEBUCK & CO.,

By their attorneys,

/s/ Johanna L. Matloff
_____
James F. Kavanaugh, Jr. (BBO # 262360)
Johanna L. Matloff (BBO # 655178)
CONN KAVANAUGH ROSENTHAL PEISCH
  & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: May 4, 2006

222559.1

020115002676

December 21, 2001

Prison Medical Service
Massachusetts Correctional System
Barnstable House of Correction
P. O. Box 397
Barnstable, MA  02601

Attention:  Medical Department

RE:   LINWOOD HARRIS

To Whom It May Concern:

This is a 53-year-old man who has significant atherosclerotic heart disease, having sustained myocardial infarction in the last two years on two occasions. He also has long-standing hypertension and was also involved in a motor vehicle accident on February 25, 2001, this latter resulting in his imprisonment for vehicular homicide. During this accident, Mr. Harris himself sustained significant injuries with fractures to his right wrist, his pelvis, fractures to his legs, and crush injuries to the soft tissues of the leg and resulting neuropathy due to crush injury in the left leg. He also sustained thromboembolic disease while recovering from these injuries and had an inferior vena cava filter placed during hospitalization at Boston Medical Center in February 2001. The patient had a prolonged recovery and is still in rehab from this injury. He was finally discharged from the Logan Healthcare in August 2001 and has remained an outpatient since this time but has significant pain in his legs as a result of these injuries.

In addition, the patient has peripheral neuropathy as well as the left peroneal nerve palsy.

RE: LINWOOD HARRIS
December 21, 2001
Page Two

The patient's medications are as follows:

Duragesic, 75 mcg topically, q. 72 hourly. This medication is given for his chronic pain due to injuries in his pelvis and legs. Enteric coated aspirin, 81 mg daily. Isosorbide mononitrate, 30 mg daily. Lisinopril, 20 mg daily. Lorazepam, 0.5 mg, b.i.d. Ranitidine, 150 mg, b.i.d. Fluoxetine, 20 mg daily. Metoprolol, 75 mg, p.o., t.i.d. Coumadin, 4 mg, p.o., q.d. Peri-Colace, 100 mg, b.i.d. Zinc, 220 mg, p.o., q.d. Vitamin C, 500 mg, b.i.d. Multi-vitamin, one tablet, p.o., q.d. Senokot, three tablets daily for control of constipation secondary to his pain medications.

This letter is written in order for him to continue his medical care and medications while in a house of correction. Ideally, he should also continue physical therapy in order to strengthen his muscles and rehabilitate from the injuries to his pelvis and legs.

The patient has been vaccinated against flu and pneumonia on November 12, 2001.

For any further information, please contact this office with the patient's consent.

Sincerely yours,


BARRY R. MILLER, M.D., F.A.C.P., F.R.C.P.

BRM/amw