UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

|  |  |
|---|---|
| LINWOOD S. HARRIS,<br>Plaintiff, | )<br>)<br>)<br>)<br>)<br>) |
| METROPOLITAN LIFE<br>INSURANCE COMPANY AND<br>SEARS, ROEBUCK AND CO.<br>LONG TERM DISABILITY PLAN,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO COMPLAINT

Now comes the Plaintiff, Linwood Harris and opposes the Defendant's Motion to Amend its Answer, and as a basis states the following:

1.   This case involves a claim for long term disability benefits brought by Linwood Harris ("Harris") and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461. Harris was employed as a sales associate at Sears and was a beneficiary under the Plan. The Plan is sponsored by Sears and insured by MetLife.

2.   MetLife, as the claims administrator for the Plan, approved Harris's claim for long–term disability benefits effective July 16, 2001.

3. On November 28, 2001, MetLife requested Harris provide additional documentation and updated medical information, and gave Harris thirty (30) days to comply. See MetLife letter dated November 28, 2001 attached hereto at Exhibit 1.

4. MetLife did not receive the requested medical documentation by December 28, 2001.

5. MetLife terminated Harris's benefits for failure to provide proof of disability and/or requested information on December 31, 2001.

6. MetLife arbitrarily and capriciously imposed a thirty day window to supplement medical records instead of the sixty (60) day window stipulated in the Plan: "If you do not provide satisfactory documentation within 60 days after the date we ask for it, your claim may be denied." Plan at "Documentation". A true copy of the cited Plan provision is attached hereto at Exhibit 2.

7. MetLife has never provided Harris with a denial of his claim based on a Felony Exclusion.

8. MetLife now seeks to supplement the administrative record that was before the administrator when they terminated Harris' benefits to include after acquired documentation.

9. MetLife's amendment to include the Felony Exclusion as an affirmative defense is futile.

10. Generally, leave to amend a pleading will be freely given unless such amendment would be futile, would be prejudicial to the opposing party, or was the result of "undue or intended delay". Resolution Trust Corp. v. Gold, 30 F.d 251, 253 (1st Cir. 1994).

11. This Court has in the past precluded supplementation of an administrative record when reviewing a plan administrator's benefits decision. "In reviewing an ERISA determination for arbitrariness, we and the overwhelming majority of other circuits have held that there is a strong presumption that the required deferential review of a plan administrator's benefits decision should be limited to the evidentiary record presented to the administrator." Lopes v. Metropolitan Life Insurance Company, 332 F.3d 1, 5 (1st Cir. 2003) (denial of employees request to supplement medical documentation) See Also Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 14 n. 6 (1st Cir. 2003); Liston v. Unum Corp. Officer Severance Plan, 330 F.d 19, 23 (1st Cir. 2003).

12. MetLife now tries to rely on documentation that was received after the December 31, 2001 termination of benefits to justify the termination. The letter of Dr. Miller attached to the Defendants Motion to Amend as Exhibit 1, is date stamped by MetLife on January 15, 2002.

WEREFORE, Plaintiff respectfully submits that the Defendants' proposed amendment to assert an affirmative defense based on documentation outside the administrative record at the time of termination of benefits should be denied as futile.

LINWOOD HARRIS
By his attorney,


/s/ Robert D. Canty, Jr.
Robert D. Canty, Jr. (BBO #560406)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
978-440-7000
978-440-7650 fax
www.feelaw.com


Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non registered participants on the 16th day of May, 2006.

/s/ Robert D. Canty, Jr.
Robert D. Canty, Jr.

Exhibit 1

Case 1:04-cv-12730-MLW   Document 18-2   Filed 05/16/2006   Page 5 of 9

Exhibit 1

```
** TX STATUS REPORT **           AS OF   AUG 20 2004  11:30   PAGE.01
                                         MET LIFE

     DATE  TIME      TO/FROM         MODE   MIN/SEC   PGS   JOB#   STATUS
 30  08/20 11:30     3157922499 EC--S       00'14"    001   064    OK
```

Metropolitan Life Insurance Company
PO Box 14590, Lexington, KY 40511-4590
Met DisAbility

# MetLife

November 28, 2001

Linwood Harris
54 East Field Drive
Brockton, MA 02301

RE: Claim#:  720108091434
    Report#: 0092992
    SSN:     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

Mr. Harris:

We are reviewing your eligibility for continued long-term disability benefits and require additional information and updated medical information.

We faxed a request to Dr. miller for an **Attending Physician's Statement** and copies of your medical records on November 6, 2001. To date we have received no response. Please have your doctor fully complete the enclosed Attending Physician's Statement and return along with copies of your medical records from February 1, 2001 to current. These should include all office visits, objective findings, diagnostic test results, hospital admit/discharge summaries, rehab progress notes and consultative reports.

Also, please fully complete and return the enclosed forms pertaining to your claim. In addition, please send us a copy of your driver's license. A check of your file showed that we neglected to obtain this for identification verification.

**If we do not receive the above requested medical information on or by December 28, 2001, we will have no option but to close your claim and deny benefits beyond December 31, 2001 for failure to provide proof of disability and/or requested information.**

In the event a claim has been denied, in whole or in part, you may request a review of the claim in writing. This request for review should be sent to MetLife Disability, at P.O. Box 14590, Lexington, KY 40511-4590, no more than 60 days after you receive notice of denial of the claim. When requesting this review, please state the reason(s) you believe the claim was improperly denied, and submit any requests to review pertinent documents. You may also submit additional medical or vocational information and any facts, data, questions, or comments you deem appropriate for us to give your appeal proper consideration.

If we can assist you in any way, please contact us. If you have any questions about your claim, please call our customer service center at 888/868-3997.

Sincerely,

Karen Bryson
Sr. Case Management Specialist

Cc: Human Resources

Attn: Erin Cady
## 315-792-
2499

Exhibit 2

Case 1:04-cv-12730-MLW   Document 18-2   Filed 05/16/2006   Page 7 of 9

Exhibit 2

# YOUR EMPLOYEE BENEFIT PLAN

## SEARS, ROEBUCK AND CO.

### Long Term Disability

Exhibit Number 23

**Documentation**

At your expense, you must provide documented proof of your Disability. Proof includes, but is not limited to:

1. the date your Disability started;

2. the cause of your Disability; and

3. the prognosis of your Disability.

You will be required to provide signed authorization for us to obtain and release medical and financial information, and any other items we may reasonably require in support of your Disability.

These will include but are not limited to:

1. proof of continuing Disability;

2. proof you have applied, or are not eligible, for Other Income Benefits. If you do not provide proof you have applied for Other Income Benefits, we may reduce your Monthly Benefit. The reduction will be based on our estimate of what you would be eligible to receive through proper and timely pursuit;

3. proof that you applied for Social Security disability benefits until denied at the Administrative Law Judge level; and

4. proof you have applied for Workers' Compensation benefits or benefits under a similar law. If you do not provide proof that you have applied for these benefits, we may reduce your Monthly Benefit. The reduction will be based on our estimate of what you would be eligible to receive through proper and timely pursuit.

If you do not provide satisfactory documentation within 60 days after the date we ask for it, your claim may be denied.

**Method of Payment**

When we determine you are Disabled:

1. Monthly Benefits are paid one month after you qualify for them. Such benefits will be monthly basis thereafter.

2. Benefits will be paid to you. However, benefits unpaid at your death will be paid to:

    a. your spouse, if living; otherwise

    b. your children, if living, divided equally; otherwise

    c. your estate. If benefits are payable to your estate, we may pay up to $1,500 related to you by blood or by marriage whom we deem entitled to this amour discharged to the extent of any payment made in good faith.

3. Monthly Benefits due for a period of less than a month will be paid at a daily rate of Monthly Benefit payable.