UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

_____
                                    )
LINWOOD S. HARRIS,                  )
      Plaintiff,                    )
                                    )
v.                                  )
                                    )
METROPOLITAN LIFE INSURANCE         )
COMPANY AND SEARS, ROEBUCK          )
AND CO. LONG TERM DISABILITY        )
PLAN,                               )
      Defendants.                   )
_____)

**DEFENDANTS' MOTION FOR LEAVE OF COURT TO FILE A MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THEIR ANSWER TO THE COMPLAINT**

Pursuant to Local Rule 7.1(B)(3), defendants Metropolitan Life Insurance Company ("MetLife"), the Sears Roebuck and Co. Long Term Disability Plan (the "Plan") and Sears Roebuck and Co. seek to file a reply to plaintiff's opposition to their motion to amend their answer to add an affirmative defense based on an exclusion of coverage under the Plan for disabilities caused by the commission of a felony. A copy of the proposed reply memorandum is attached at Tab A.

Plaintiff's principal argument in opposition to the proposed amendment – i.e. that the amendment is futile because MetLife did not raise the felony exclusion during its claim review process and cannot supplement the claim file to support the assertion of the felony exclusion defense now – is flawed for two reasons. First, MetLife did not have sufficient information to raise, the felony exclusion defense during the claim review process and should not be precluded from asserting it now. Second, even if the court should determine that MetLife could have raised

the felony exclusion defense during the claim review process, First Circuit precedent does not automatically preclude MetLife from raising the defense at this stage of the proceeding. As such, MetLife's amendment is not futile.

Defendants requests that they be given an opportunity to point out that the proposed amendment is not futile, as there are factual issues in this case as to whether MetLife had sufficient information to raise the felony exclusion defense during the claim review process. Defendants further requests the opportunity to bring to the Court's attention First Circuit precedent regarding the standard for determining whether an ERISA administrator may rely on defenses not previously raised.

WHEREFORE, defendants respectfully request that they be permitted to file their memorandum in reply to plaintiff's opposition to their motion to amend their answer to add an affirmative defense based on the felony exclusion, and that the Court consider this reply memorandum in connection with any ruling on defendants' motion to amend their answer.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that I have conferred with counsel for Mr. Harris and have attempted in good faith to resolve or narrow the issue presented by this motion. Counsel for Mr. Harris has advised that Mr. Harris will not assent to this motion.

/s/ Johanna Matloff

_____
Johanna Matloff

METROPOLITAN LIFE INSURANCE COMPANY; SEARS, ROEBUCK & CO. LONG TERM DISABILITY PLAN; AND SEARS, ROEBUCK & CO.,

By their attorneys,


/s/ Johanna L. Matloff
_____
James F. Kavanaugh, Jr. (BBO # 262360)
Johanna L. Matloff (BBO # 655178)
CONN KAVANAUGH ROSENTHAL PEISCH
  & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: May 27, 2006


Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent (by hand) to those indicated as non registered participants on the 27th day of May, 2006.
/s/ Johanna Matloff

254809.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-12730-MLW

|   |   |
|---|---|
| LINWOOD S. HARRIS, <br>     Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY AND SEARS, ROEBUCK AND CO. LONG TERM DISABILITY PLAN, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THEIR ANSWER TO THE COMPLAINT**

Defendants Metropolitan Life Insurance Company ("MetLife"), Sears Roebuck and Co. Long Term Disability Plan (the "Plan") and Sears Roebuck and Co. (hereinafter collectively referred to as "Defendants") hereby submit this memorandum in reply to plaintiff's opposition to their motion to amend their answer to add an affirmative defense based on an exclusion of coverage in the Plan for disabilities caused by the commission of a felony (the "Felony Exclusion"). Plaintiff Linwood Harris ("Harris") principally argues that the proposed amendment is futile because MetLife did not raise the Felony Exclusion when it initially terminated Harris' claim and therefore MetLife cannot now supplement the administrative record and/or defend this action based on evidence that his disability was in fact caused by his commission of a felony.[1] Harris' argument is flawed for two reasons. First, MetLife did not have sufficient information to raise, or was lulled by Harris into not raising, the Felony

---

[1] To the extent Harris also asserts in his opposition that MetLife acted arbitrarily and capriciously when it denied his claim for benefits, MetLife denies the allegation and reserves its right to brief that issue at the appropriate time.

Exclusion as a ground for termination of benefits during its claim review process. Therefore, Defendants should not be precluded from asserting the Felony Exclusion defense now. Second, even if the Court determines that MetLife could have raised the Felony Exclusion defense during its claim review process, First Circuit precedent does not automatically preclude MetLife from raising the defense at this stage of the proceeding. For these reasons, together with the reasons set forth in Defendants' motion to amend, the amendment is not futile, and this Court should allow Defendants to amend their answer to add an affirmative defense based on the Felony Exclusion. In further response to Harris' opposition, Defendants state as follows.

I. **Defendants Should Not Be Precluded From Raising the Felony Exclusion Defense Because MetLife Did Not Have Sufficient Information to Raise It During the Claim Review**

MetLife did not have sufficient information regarding Mr. Harris' conviction status when it reviewed his claim for benefits and therefore was not sufficiently on notice that the Felony Exclusion may apply. MetLife currently is aware of only one document in its claim file pertaining to Harris' conviction for vehicular homicide as a result of the accident giving rise to his alleged disability. This document is a copy of a letter dated December 21, 2001 purporting to be from Harris' physician, Barry R. Miller, M.D., to the Barnstable House of Correction, Prison Medical Services. See Exhibit A to MetLife's Motion to Amend. The letter is not signed, is not authenticated, and contains second-hand statements indicating that Mr. Harris was involved in an accident on February 25, 2001, "resulting in his imprisonment for vehicular homicide." Id. This letter, standing alone, is insufficient to put MetLife on notice of Harris' conviction status.

But even if the December 21, 2001 letter was sufficient to put MetLife on notice that Harris was convicted of a felony as a result of the accident that caused his alleged disability, Harris concedes that MetLife did not receive a copy of this letter or any other type of notice

2

regarding his conviction until <u>after</u> MetLife terminated Harris' claim for benefits on December 31, 2001.  (Harris Opposition, at ¶ 12.)  MetLife's date stamp of January 15, 2002 in the upper right hand corner of the letter also confirms that MetLife did not receive this document until after it had terminated Harris' claim.  As the First Circuit stated in <u>Liston v. Unum Corp. Officer Severance Plan</u>, "[i]t is almost inherent in the idea of reviewing agency or other administrative action for reasonableness; how could an administrator act unreasonably by ignoring information never presented to it.?" 330 F.3d 19, 23 (1st Cir. 2003). Therefore, MetLife could not have raised the Felony Exclusion as a bar to Harris' claim at the time that it terminated Harris' benefits because it did not have any information – reliable or otherwise – regarding his status as a felon until after it had terminated Harris' benefits.

Furthermore, when Harris appealed MetLife's termination of benefits on or about August 17, 2004, more than two and a half (2 ½ ) years after the deadline for submitting an administrative appeal had passed, he simply stated that he was "hospitalized and in a coma from February 25, 2001 to September 2001 and could not respond." A copy of Harris' August 12, 2004 appeal letter is attached at Tab A.  This statement was not sufficient to put MetLife on notice of Harris' conviction status either.  First, to the extent that Harris' statement is read to mean that he could not submit a timely administrative appeal because he was hospitalized and in a coma, MetLife submits that Harris misrepresented his status so as to prevent MetLife from becoming aware of his felony conviction. Second, Harris did not provide MetLife with any information regarding his status for the time period between December 2001 and August 2004. As such, MetLife did not have sufficient information upon which to assert the Felony Exclusion defense at the time of Harris' appeal.  In short, Harris was not candid in disclosing his status to MetLife and lulled MetLife into not raising a Felony Exclusion defense.  Therefore, Defendants

3

should not be precluded from raising the Felony Exclusion defense because MetLife could not have raised it, or was lulled into not raising it, at the time it reviewed Harris' claim.

## II. Even If the Court Determines That MetLife Had Sufficient Notice of Harris' Conviction Status During the Claim Review, MetLife Is Not Automatically Precluded From Raising the Felony Exclusion Defense Now

A motion to amend should not be denied on the grounds of futility, unless it is "crystal clear" that the amendment will fail. See Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (complaint may be dismissed sua sponte on grounds of futility if it is "crystal clear" that the plaintiff cannot prevail). In this case, even if the Court determines that MetLife should have raised the Felony Exclusion during its claim review process, it is not "crystal clear" that MetLife is precluded from asserting the Felony Exclusion defense now. The First Circuit has held that "no single answer fits all cases" and that a court has "an array of possible responses" when a plan administrator relies in litigation on a reason that was not articulated to the claimant during the claim review process. Glista v. Unum Life Ins. Co. of America, 378 F.3d 113, 131-32 (1st Cir. 2004). In Glista, the First Circuit weighed several factors before deciding whether to preclude an ERISA administrator from asserting a defense that was not previously raised. Id. These factors include whether the administrator had sufficient information to raise the defense during the claim review process, whether the claimant withheld information from the plan administrator, and whether the administrator claimed that it had previously raised the defense during the claim review process. Id. (listing factors to be considered in determining whether an administrator may rely on defenses not previously raised.) Because there is no hard and fast rule that MetLife cannot raise the felony exclusion defense at this stage of the proceeding, and because the viability of such a defense depends on certain facts at issue regarding the sufficiency of

information provided to MetLife regarding Harris' status, the motion to amend should not be denied on the grounds of futility.

### III. Conclusion

For the foregoing reasons, the Defendants' proposed amendment to their answer to add a Felony Exclusion defense is not futile. Accordingly, the Court should allow Defendants' motion to amend their answer.

<div style="margin-left: 50%;">

METROPOLITAN LIFE INSURANCE
COMPANY; SEARS, ROEBUCK & CO. LONG
TERM DISABILITY PLAN; AND SEARS,
ROEBUCK & CO.,

By their attorneys,

/s/ Johanna Matloff
_____
James F. Kavanaugh, Jr. (BBO # 262360)
Johanna L. Matloff (BBO # 655178)
CONN KAVANAUGH ROSENTHAL PEISCH
 & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

</div>

254821.1

5

August 12, 2004

MetLife Disability
P.O. Box 14592
Lexington KY 40511

To Whom It May Concern:

I, Linwood L. Harris                    ) was involved in an automobile accident on February 25, 2001. I was hospitalized and in a coma from February 25, 2001 to September 2001 and could not respond.

At the present time, I am totally disabled and am appealing my Long Term Disability to be reinstated.

Sincerely,


Linwood L. Harris

*[signature: Linwood L. Harris]*